PER CURIAM.
The Department of Revenue appeals an order establishing the child support obligations of Sean H. Kline, appellee, and a custody arrangement for the parties’ child. Because the order was not made pursuant to a parenting plan under section 61.046(4), Florida Statutes (2010), we reverse and remand for further proceedings.
Appellant Kristen Zeoli and appellee Sean Kline are the biological parents of a child. On behalf of Zeoli, the Department petitioned for entry of an order setting appellee’s child support obligation. Following a hearing conducted by a court appointed hearing officer, the trial court entered an order setting child support. The order adopted the recommendation of the hearing officer who calculated the respective support obligations for each parent in accordance with section 61.30. In so doing, the hearing officer considered the number of nights the child resided with the appellee father and entered sua sponte a document entitled a “Stipulation for a Formal Visitation Agreement.” This so-called stipulation was not signed by either parent. Further, a review of the record discloses that, while the parents had established between them an informal time-sharing arrangement, neither stipulated on the record that the child stays with appel-lee in excess of 26% of nights per year, as the stipulation indicated.
While the determination of child support may consider time spent with a non-custodial parent, section 61.30(11), provides that any adjustment to the presumptive child support amount for substantial time spent with a non-custodial parent is to be made when the time with the non-custodial parent is pursuant to “a parenting plan.” A parenting plan, as defined in section 61.046(14), is a
document created to govern the relationship between the parents relating to decisions that must be made regarding the minor child and must contain a time-sharing schedule for the parents and child....
(a) The parenting plan must be:
1. Developed and agreed to by the parents and approved by the court; or
2. Established by the court, with or without the use of a court-ordered parenting plan recommendation, if the parents cannot agree on a plan or the parents agreed on a plan not approved by the court.
There is nothing in the record resembling a “parenting plan” as defined in section 61.046(14). The so-called “stipulation” created by the hearing officer neither reflects an agreement of the parents nor otherwise qualifies as a parenting plan because it does not establish a time-sharing schedule and was not established by the circuit court.
Accordingly, we reverse the order under review and remand the cause for further proceedings consistent with this opinion.
VAN NORTWICK, CLARK, and RAY, JJ., concur.